```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


HUGH CARITHERS, BRENDA CARITHERS,
AND JOEY CARITHERS AS WRONGFUL
DEATH BENEFICIARIES OF CATLIN
HUGH CARITHERS, DECEASED                              PLAINTIFFS

VS.                         CIVIL ACTION NO. 5:13-cv-66(DCB)(MTP)

CCA OF TENNESSEE, LLC, CORRECTIONS
CORPORATION OF AMERICA, CCA PROPERTIES
OF AMERICA, LLC, AND JOHN DOES 1-10                   DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants' motion to dismiss **(docket entry 8)**. Having carefully considered the motion and the plaintiffs' response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

On May 20, 2012, Catlin Carithers ("Carithers"), a senior correctional officer at the Adams County Correctional Center ("ACCC") was killed by inmates during a prison riot. The deceased's wrongful death beneficiaries bring this action against the named defendants (collectively "the CCA defendants" or "the defendants")[1] and unknown individuals for assault, battery, and fraudulent concealment. The plaintiffs' Complaint alleges the following:

The defendants maintained a less than adequate staff at the

---

[1] The CCA defendants own and operate the ACCC in Adams County, Mississippi. Defendants' Brief, p. 1.

facility, and provided neither adequate equipment nor adequate training to the staff, creating a dangerous atmosphere for the correction officers. Complaint, ¶ 12. In addition, the defendants created a dangerous atmosphere by depriving the inmates of basic needs and by treating them inhumanely. ¶ 13. The staff had put the defendants on notice of these dangerous conditions prior to the riot. ¶ 14. Two days before the riot, an inmate warned a security officer at the prison of an impending riot and informed him that inmates had a "hit list" which included Carithers. ¶¶ 17-19. Carithers was not told he was on the "hit list." ¶ 24. Carithers was not working on the day of the riot, but was called in to work because of the riot. ¶ 22. The security officer who called Carithers in to work knew he was on the "hit list," and knew the inmates intended to cause him harm, but the officer did not inform Carithers he was on the "hit list." ¶¶ 23-24. The defendants intended to and did cause harmful or offensive contact to Carithers, and he was killed as a result thereof. ¶¶ 32-34. The defendants intended to and did cause an imminent apprehension of harmful or offensive contact to Carithers, and he was killed as a result thereof. ¶¶ 38-41. The defendants knew that Carithers was on the "hit list" and that the inmates would do him harm, but they intentionally withheld the information from him, and he was killed as a result thereof. ¶¶ 43-48.

In lieu of an answer, the CCA defendants filed a motion to

dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The defendants contend that they are immune from the plaintiffs' claims because the claims are barred by the exclusive remedy in the Mississippi Workers' Compensation Act. Specifically, the defendants allege that Carithers' death was caused by the willful conduct of a third party because of Carithers' employment status as a correctional officer at ACCC and while he was engaged in his work. Motion to Dismiss, ¶ 2. The CCA defendants also allege that the plaintiffs have failed to state a claim for assault or battery because inmates, not the defendants, assaulted or battered Carithers. Further, the defendants contend that they cannot be liable for fraudulent concealment because the plaintiffs have failed to allege reliance, proximate causation, and legal duty. ¶ 3.

The defendants seek dismissal under both Rule 12(b)(1) and Rule 12(b)(6). The plaintiffs, as the party asserting jurisdiction, bear the burden of proof for a Rule 12(b)(1) motion to dismiss. Ballew v. Cont'l Airlines, Inc., 668 F.3d 777, 781 (5th Cir. 2012)(citation omitted). To meet their burden, the plaintiffs "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." Id. (citation omitted). The Court may determine whether it has subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3)

the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)(citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)(quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, this tenet does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." Ramming, 281 F.3d at 161. However, "federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." Lawrence v. Dunbar, 919 F.2d 1525, 1531 (11th Cir. 1990)(citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).

Mississippi's workers' compensation statute states:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action of law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

Miss. Code Ann. § 71-3-9.

"The exclusivity provision of the Act is not applicable to an employee's claim if: (1) the injury is caused by the willful act of the employer or another employee acting in the course and scope of employment and in furtherance of the employer's business; and (2) the injury [is] one that is not compensable under the Act." Hurdle v. Holloway, 848 So.2d 183, 185 (Miss. 2003)(citing Newell v.

5

Southern Jitney Jungle Co., 830 So.2d 621, 624 (Miss. 2002)). Furthermore, "[i]f the injuries were caused by an intentional tort, the exclusivity provision would not apply." Id. at 185 n.4.

In response to the CCA defendants' motion to dismiss, the plaintiffs submit that they have met the pleading requirements of Federal Rule of Civil Procedure 8 by providing "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Plaintiffs' Brief, p. 4 (quoting Twombly, 550 U.S. at 554). The plaintiffs allege that the defendants acted intentionally to injure Carithers, and point out that "intent to injure .. can be inferred from the factual circumstances of the case." Brief in Response, p. 6.

Although it is appropriate for the Court to decide motions to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted solely on the basis of the face of the complaint, it is also appropriate to consider matters outside the pleadings in deciding both Rule 12(b)(1) and Rule 12(b)(6) motions, thereby converting them to motions for summary judgment. See Ramming, 281 F.3d at 161; In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2011). See also Sumwalt v. U.S. Dept. of Veterans Affairs, 2013 WL 6056602, at *4 (W.D. N.C. Nov. 15, 2013)("Where jurisdictional facts are intertwined with facts central to the substance of a case, a court

6

must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case.")(citing United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999)); McGowan v. ABM Janitorial Servs. Northeast, Inc., 2011 WL 2604107, at *3 (E.D. Va. June 29, 2011)(suggesting that if jurisdictional facts and facts central to the merits of the case are intertwined, a district court may convert the proceeding to one for summary judgment and consider evidence outside the pleadings).

The plaintiffs seek to conduct discovery, citing Franklin Corp. v. Tedford, 18 So.3d 215, 240 (Miss. 2009) for the proposition that an employer's intent to injure an employee can be inferred or shown by the circumstances and facts of the case, and asserting that circumstances proving intent are fact intensive and vary from case to case.  Brief in Response, p. 7.

The Court finds that limited discovery should be allowed in this case.  See Washington v. Tem's Junior, Inc., 981 So.2d 1047, 1048 (Miss. App. 2008)(noting that trial court denied motion to dismiss as premature, ordered parties to conduct discovery, and allowed defendant to file a motion for summary judgment); Peaster v. David New Drilling Co., Inc., 642 So.2d 344, 344 (Miss. 1994)(finding that defendant filed a motion to dismiss with the trial court, then a motion for summary judgment based on identical grounds, which was overruled without prejudice pending further discovery); Rivers v. Int'l Matex Tank Terminal, 864 F.Supp. 556,

7

560 n.5 (E.D. La. 1994)("Until discovery is complete, Mrs. Rivers could not reasonably be expected to know of all events that occurred during the course of her husband's employment. Because her husband has died since the filing of this suit, the only means by which Mrs. Rivers can learn of the underlying facts is through discovery.").

The Court therefore finds that the parties shall be allowed to conduct limited discovery in this case (limited to the issue of workers' compensation exclusivity). The defendants' motions shall therefore be denied without prejudice. At the conclusion of discovery, the defendants may file a motion for summary judgment and may renew their Rule 12(b)(1) motion.

Accordingly,

IT IS HEREBY ORDERED that the defendants' motion to dismiss **(docket entry 8)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that the parties may conduct limited discovery in this case (limited to the issue of workers' compensation exclusivity), and the parties shall contact Magistrate Judge Michael T. Parker's office for a scheduling order.

SO ORDERED, this the 17th day of March, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE