UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUGH CARITHERS,
BRENDA CARITHERS, and
JOEY CARITHERS as Wrongful Death
Beneficiaries of Catlin Hugh Carithers, Deceased,     PLAINTIFFS

v.                                    NO. 5:13-cv-00066-DCB-MTP

CCA OF TENNESSEE, LLC,
CORRECTIONS CORPORATION OF
AMERICA,
CCA PROPERTIES OF AMERICA, LLC, and
JOHN DOES 1-10,                                       DEFENDANTS

## CCA DEFENDANTS' ANSWER & DEFENSES

CCA of Tennessee, LLC, Corrections Corporation of America, and CCA Properties of America, LLC[1] ("CCA Defendants") file this Answer to Plaintiffs' Complaint and would show as follows:[2]

### FIRST DEFENSE-ANSWER

AND NOW, the CCA Defendants answer the specific allegations contained in Plaintiffs' Complaint as follows:

1. The CCA Defendants deny the allegations of ¶ 1 of the Complaint due to a lack of sufficient information.

2. The CCA Defendants deny the allegations of ¶ 2 of the Complaint due to a lack of sufficient information.

---

[1] CCA Properties of America, LLC is no longer in existence, as it merged into Corrections Corporation of America, its parent company, on December 31, 2012. By Answering Plaintiffs' Complaint, CCA Properties of America, LLC does not waive its right to prove dissolution.

[2] Defendants previously filed a Motion to Dismiss pursuant to Rule 12(b)(2) & (6), Fed. R. Civ. P., which this Court denied on March 17, 2014. Defendants filed a Motion to Reconsider that ruling simultaneously with this Answer. In filing this Answer, Defendants in no way waive their right to assert the defenses raised in the Motion to Dismiss and seek review of this Court's Order.

3. The CCA Defendants deny the allegations of ¶ 3 of the Complaint due to a lack of sufficient information.

4. The CCA Defendants admit the allegations in ¶ 4 of the Complaint.

5. The CCA Defendants admit the allegations in ¶ 5 of the Complaint.

6. The CCA Defendants deny the allegations in ¶ 6 of the Complaint, and affirmatively allege that CCA Properties of America, LLC is no longer in existence, as it merged into Corrections Corporation of America, its parent company, on December 31, 2012.

7. Paragraph 7 of the Complaint is directed toward fictitiously named individuals and does not contain allegations as to the CCA Defendants. To the extent ¶ 7 contains allegations against the CCA Defendants, they deny same.

## JURISDICTION AND VENUE

8. In answering ¶ 8 of the Complaint, the CCA Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, but deny that Plaintiffs have a viable claim in this lawsuit.

9. In answering ¶ 9 of the Complaint, the CCA Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1332, but deny that Plaintiffs have a viable claim in this lawsuit.

## FACTS

10. The CCA Defendants admit the allegations in ¶ 10 of the Complaint.

11. In answering ¶ 11 of the Complaint, the CCA Defendants admit only that Corrections Corporation of America owns and operates the Adams County Correctional Facility. The CCA Defendants deny the remaining allegations contained in ¶ 11.

12. The CCA Defendants deny the allegations in ¶ 12 of the Complaint.

13. The CCA Defendants deny the allegations in ¶ 13 of the Complaint.

14. The CCA Defendants deny the allegations in ¶ 14 of the Complaint.

15. The CCA Defendants deny the allegations in ¶ 15 of the Complaint.

16. The CCA Defendants deny the allegations of ¶16 of the Complaint due to a lack of sufficient information.

17. The CCA Defendants deny the allegations in ¶ 17 of the Complaint.

18. The CCA Defendants deny the allegations in ¶ 18 of the Complaint due to a lack of sufficient information.

19. In answering ¶ 19 of the Complaint, the CCA Defendants admit only that an inmate told a facility employee that it was serious and that three unnamed C.O.s were on a black list and any officer that disrespected an inmate would be punished. CCA Defendants deny the remaining allegations contained in ¶ 19.

20. The CCA Defendants deny the allegations in ¶ 20 of the Complaint due to a lack of sufficient information.

21. In answering ¶ 21 of the Complaint, the CCA Defendants admit only that an inmate disturbance occurred at the Adams County Correctional Facility on May 20, 2012. CCA Defendants deny the remaining allegations contained in ¶ 21.

22. In answering ¶ 22 of the Complaint, the CCA Defendants admit only that Catlin Carithers was not scheduled to work on May 20, 2012, but was called in to help quell the inmate disturbance. CCA Defendants deny the remaining allegations contained in ¶ 22.

23. The CCA Defendants deny the allegations in ¶ 23 of the Complaint.

24. The CCA Defendants deny the allegations in ¶ 24 of the Complaint due to lack of sufficient information.

25. In answering ¶ 25 of the Complaint, the CCA Defendants admit only that Catlin Carithers responded to the Adams County Correctional Facility to help quell the inmate disturbance. CCA Defendants deny the remaining allegations contained in ¶ 25.

26. In answering ¶ 26 of the Complaint, the CCA Defendants admit only that Catlin Carithers was killed by inmates on May 20, 2012. CCA Defendants deny the remaining allegations contained in ¶ 26.

27. The CCA Defendants deny the allegations in ¶ 27 of the Complaint.

28. The CCA Defendants deny the allegations in ¶ 28 of the Complaint.

29. The CCA Defendants deny the allegations of ¶ 29 of the Complaint due to a lack of sufficient information.

## BATTERY

30. The CCA Defendants deny the allegations of ¶ 30 of the Complaint.

31. In answering ¶ 31 of the Complaint, the CCA Defendants admit only that Catlin Carithers was called in to work on May 20, 2012 to help quell the inmate disturbance. CCA Defendants deny the remaining allegations of ¶ 31 of the Complaint.

32. The CCA Defendants deny the allegations of ¶ 32 of the Complaint.

33. The CCA Defendants deny the allegations of ¶ 33 of the Complaint.

34. In answering ¶ 34 of the Complaint, the CCA Defendants admit only that Catlin Carithers was killed by inmates, and affirmatively allege that no employee of CCA Defendants made harmful or offensive contact with Catlin Carithers. CCA Defendants deny the remaining allegations contained in ¶ 34.

35. The CCA Defendants deny the allegations of ¶ 35 of the Complaint.

## ASSAULT

36. The CCA Defendants deny the allegations of ¶ 36 of the Complaint.

37. In answering ¶ 37 of the Complaint, the CCA Defendants admit only that Catlin Carithers was called in to work on May 20, 2012 to help quell the inmate disturbance. CCA Defendants deny the remaining allegations of ¶ 37 of the Complaint.

38. The CCA Defendants deny the allegations of ¶ 38 of the Complaint.

39. The CCA Defendants deny the allegations of ¶ 39 of the Complaint.

40. In answering ¶ 40 of the Complaint, the CCA Defendants admit only that Catlin Carithers was killed by inmates, and affirmatively allege that no employee of CCA Defendants acted to place Catlin Carithers in imminent apprehension of harmful or offensive contact. CCA Defendants deny the remaining allegations of ¶ 40 of the Complaint.

41. In answering ¶ 40 of the Complaint, the CCA Defendants admit only that Catlin Carithers was killed by inmates, and affirmatively allege that no employee of CCA Defendants made harmful or offensive contact with Catlin Carithers. CCA Defendants deny the remaining allegations contained in ¶ 41.

42. The CCA Defendants deny the allegations of ¶ 42 of the Complaint.

## **FRAUDULENT CONCEALMENT**

43. The CCA Defendants deny the allegations of ¶ 43 of the Complaint.

44. The CCA Defendants deny the allegations of ¶ 44 of the Complaint.

45. The CCA Defendants deny the allegations of ¶ 45 of the Complaint.

46. The CCA Defendants deny the allegations of ¶ 46 of the Complaint.

47. The CCA Defendants deny the allegations of ¶ 47 of the Complaint.

48. The CCA Defendants deny the allegations of ¶ 48 of the Complaint.

## **DAMAGES**

49. The CCA Defendants deny the allegations of ¶ 49 of the Complaint and all subparts (a) through (k).

The CCA Defendants deny the final, unnumbered paragraph of the Complaint, which begins with "WHEREFORE, THE ABOVE PREMISES CONSIDERED," that follows ¶ 49 of the Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim against these Defendants upon which relief can be granted and pursuant to Federal Rule of Civil Procedure 12(b)(6) should be dismissed.

**THIRD DEFENSE**

CCA Defendants are immune from the claims in the Complaint because they are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. Carithers's death was caused by the willful conduct of a third party (inmates) because of his employment status as a correctional officer at the Adams County Correctional Facility ("ACCF") and while working on the job. Therefore, his death is only compensable under the Act.

**FOURTH DEFENSE**

The incident in question was caused solely by unforeseen, intervening or superseding acts attributable to persons, entities, or events that were not within the control of the CCA Defendants. Pleading in the alternative only, the CCA Defendants plead apportionment under Miss. Code Ann. § 85-5-7 and comparative fault under Miss. Code Ann. § 11-7-15 and any other applicable provision of Mississippi law.

**FIFTH DEFENSE**

Pleading in the alternative, when Catlin Carithers chose to report to work to help quell the inmate disturbance he assumed the risk and/or consented to the dangers presented by the inmates

uprising.

## SIXTH DEFENSE

If Plaintiff received payment in the past, or receives payment in the future, from others who are, or who may be responsible, for the damages claimed in this lawsuit, then the CCA Defendants are entitled to a credit or set-off in the amount of such payments against any judgment that may be rendered in this action.

## SEVENTH DEFENSE

Prejudgment interest is not allowed in personal injury actions. *See U.S. Fidelity and Guar. Company v. Estate of Francis ex rel. Francis*, 825 So. 2d 38, 49-50 (Miss. 2002).

## EIGHTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted for punitive damages.

## NINTH DEFENSE

Pleading in the alternative only, no punitive assessment can be imposed against the CCA Defendants in the absence of clear, convincing proof of punitive liability as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article III, Section 14 of the Mississippi Constitution and as further required by Mississippi common law.

## TENTH DEFENSE

Pleading in the alternative only, Miss. Code Ann. §11-1-65(1)(c) prohibits an award of punitive damages unless plaintiff has first received an award of compensatory damages. Plaintiffs' failure to state a claim for compensatory damages bars the claim for punitive damages.

## ELEVENTH DEFENSE

Pleading in the alternative only, Miss. Code Ann. §11-1-65 requires that punitive

damages may not be awarded unless plaintiff proves, by clear and convincing evidence, that defendant acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud. Plaintiff has not set forth a plain statement of their claim supporting their allegation that the CCA Defendants acted in a manner that evidences a willful, wanton or reckless disregard for the safety of others.

## TWELFTH DEFENSE

Miss. Code Ann. § 11-1-65, which allows punitive damages to be based on the financial condition of the defendant, is unconstitutional. *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2nd 585 (2003). Pleading in the alternative only, the CCA Defendants plead the provisions of Miss. Code Ann. §11-1-65.

## THIRTEENTH DEFENSE

Pleading in the alternative only, the concept, threat, imposition or award of punitive damages against the CCA Defendants in this action is contrary to and violates the United States Constitution and the Constitution of the State of Mississippi. Specifically, but not by way of limitation:

**1.**

Pleading in the alternative only, the judicial decisions and laws of Mississippi with regard to liability for punitive damages in product liability claims are so nebulous, value, uncertain, ambiguous, inconsistent and contradictory that:

I.   Those judicial decisions and laws fail to give or communicate fair notice of the nature and character of the punishable conduct or behavior, all in violation of the Due Process Clause of Amendment XIV of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi.

II. Those judicial decisions and laws do not provide a jury with adequate, meaningful or intelligible guidelines for determining the circumstances under which punitive damages may or may not be awarded, and those judicial decisions and laws foster, encourage and promote the arbitrary, capricious, unpredictable and discriminatory award of punitive damages, all in violation of the Due Process Clause of Amendment XIV of the United States Constitution and Article 3, Section 14 of the Constitution of the State of Mississippi;

III. Those judicial decisions and laws violate the doctrine of void for vagueness under Amendment XIV of the United States Constitution; and

IV. Those judicial decisions and laws offend traditional notions of fair play and substantial justice in violation of Amendment XIV of the United States Constitution.

**2.**

Pleading in the alternative only, to subject the CCA Defendants to punitive damages would constitute the infliction of cruel and unusual punishment in violation of Amendment VIII of the Constitution of the United States and Article 3, Section 28 of the Constitution of the State of Mississippi.

**3.**

Pleading in the alternative only, to subject the CCA Defendants to an award of punitive damages based upon financial standing would violate the Equal Protection clause of Amendment XIV of the United States Constitution.

**4.**

Pleading in the alternative only, to subject the CCA Defendants to an award of punitive damages would constitute an excessive fine in violation of Amendment VIII of the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

## FOURTEENTH DEFENSE

Pleading in the alternative only, the concept of punitive damages, which damages are essentially criminal sanctions, fines or penalties, in a civil action based on an alleged civil wrong, is contrary to public policy and, therefore, such damages cannot be awarded in a civil action or with regard to an alleged civil wrong.

## FIFTEENTH DEFENSE

Pleading in the alternative only, an award of punitive damages in this case would be improper, grossly excessive and would violate the principles set forth in *BMW of North Am. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996) and its progeny.

## SIXTEENTH DEFENSE

The CCA Defendants affirmatively plead and invoke all defenses that may be available to them under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq.

## SEVENTEENTH DEFENSE

The CCA Defendants preserve the defense that one or more claims may be barred by the applicable statute of limitations.

## EIGHTEENTH DEFENSE

Although Defendants do not presently have specific facts in support of its remaining defenses, it wishes to put counsel for Plaintiffs on notice that they raise the following affirmative defenses, as set forth in Rule 8, Fed. R. Civ. P., should subsequent discovery disclose facts that support those defenses, including but not limited to: fraud; illegality; payment; release; *res judicata*; and waiver.

## PRAYER

AND NOW, having fully answered the allegations of the Complaint filed herein against

it, the CCA Defendants respectfully request that this action be dismissed and that it be discharged with its costs.

This the 31st day of March, 2014.

>CCA OF TENNESSEE, LLC, CORRECTIONS CORPORATION OF AMERICA, AND CCA PROPERTIES OF AMERICA, LLC
>
>
>By: *William P. Thomas*
>Lem E. Montgomery III (MB# 100686)
>William P. Thomas (MB# 102209)
>BUTLER | SNOW
>1020 Highland Colony Parkway, #1400
>Ridgeland, MS 39157
>(601) 948-5711
>lem.montgomery@butlersnow.com
>
>Their Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2014 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Eric Joseph Dillon: | eric@ericdillonlaw.com and/or |
| | eric@carrollbufkin.com |
| Charles S. Norris, Jr.: | chuck@norrisattys.com |

/s/ William P Thomas

ButlerSnow20479961